You may be seated. Our first case in the morning is People of the State of Illinois v. Tyrone Johnson 413-0420. For the appellant, Mr. Wilson, for the appellee, Ms. Brooks, you may proceed. May it please the court, counsel. Good morning, your honors. My name is Ryan Wilson and I represent the defendant appellant Tyrone Johnson on behalf of the Office of the State of Illinois Defender. Mr. Johnson elected to proceed to trial on two counts of armed robbery and one count of aggravated battery with a firearm. As they were charged, if Mr. Johnson were convicted of both armed robbery counts, he would be subject to mandatory firearm enhancements. However, during Floyd Dyer, the state approached the defense with a plea offer. The state offered to file an additional count and possibly amend one that had already been filed that charged Mr. Johnson with armed robbery. The state agreed, however, not to allege any facts that would require imposition of the mandatory firearm enhancements and if Mr. Johnson agreed to plead guilty, he would receive a sentence of 25 years in prison. The transcript indicates that Mr. Johnson wasn't sure how to proceed. In fact, there's approximately 12 pages of transcripts where in one moment it seemed like he had decided to take the guilty plea, another moment he had continued to trial. So he did what I would argue any reasonable defendant in this situation would have done. He turned to his attorney and he asked his defense attorney, David Ellison, what the possible sentences would be if he proceeded to trial. And Mr. Ellison said, well, if you're convicted of the greatest of the armed robberies, the most severe armed robbery, you face a sentence of 31 years to life in prison. He told Mr. Johnson, if you plead guilty, you would receive the 25 years pursuant to the plea agreement. And after much contemplation, Mr. Johnson elected to plead guilty. He's alleged in the successive post-conviction petition pending before this court, or the appeal pending before this court, that his decision to plead guilty was made as a result of Mr. Ellison's advice, which was incorrect. The mandatory firearm enhancements have been found to be unconstitutional and therefore they could not have been imposed in this case. The dates of the appellate court cases, were there conflicting cases on this issue? There were to a certain extent. And I say that because it is true in the firearm enhancement, the cases interpreting those enhancements kind of have a tortured history. You know, you look at the cross-comparison analysis and the identical elements approach. And even the defendant in his successive post-conviction petition cited People v. Walden. He had attached that to the petition as well as People v. Harvey, which was the appellate court decision that found that under the identical elements approach, the firearm enhancements were unconstitutional. You are correct that at the time, People v. Hochschild was pending in the Illinois Supreme Court. The appellate court had found that. And that's why I say it kind of depends. It's a complicated question because in Hochschild, in the appellate court, the parties really didn't dispute the fact that the defendant was subject to the firearm enhancements because People v. Sharpe had come in and said, well, you can't use the cross-comparison analysis any longer. And I believe, and this is just from what I'm assuming from the way the cases came down, was that once that the defendant agreed that, yeah, pursuant to Sharpe, the cross-comparison analysis is no longer any good. But in Sharpe, Sharpe said, well, there still may be an identical elements challenge to this. And it just so happened that, and I believe I have this right, that the Hochschild PLA was granted after the Harvey decision came down from the appellate court. So it was almost as if the Hochschild defendant decided to appeal, filed a petition for leave to appeal with the Illinois Supreme Court, arguing that there were grounds for the firearm enhancements to be declared unconstitutional pursuant to Sharpe under the identical elements approach. So I think even though there were some cases that contradicted each other as far as the holdings into the procedural history of those cases and why the court decided what it decided, I think a reasonable attorney viewing those cases would see, especially given the language in Sharpe saying that there's a potential identical elements problem here, that a reasonable attorney would advise his client that, no, there's an appellate court decision, people versus Harvey, that say they're unconstitutional. And the decision or the case that was pending in Hochschild in the Mr. Ellison to conclude, as the law ended up being, that the firearm enhancements were indeed unconstitutional. So he misled his client. Yes. What next? As far as... Well, then we have things going. I mean, he misled his client in the trial court. Correct. He misled his client in the trial court. Defendant filed a direct appeal. That was dismissed. He filed his first pro se post-conviction petition, which ultimately was dismissed. He essentially alleged that his attorney pressured him into making a decision to plead guilty. Then we have the successive petition for post-conviction relief that was filed. That successive... The defendant actually did it right. For a pro se defendant, it was a little unexpected. He filed a motion for leave to file the successive post-conviction petition. That was granted. And then the accompanying successive post-conviction petition was filed, wherein he alleged that his attorney misrepresented him. And it was as a result of this misrepresentation that he ended up pleading guilty. Unfortunately, as we set forth in argument two, the wheels kind of came off when post-conviction counsel was appointed to represent him during the second stage of proceedings. Post-conviction counsel didn't comply with Rule 651C, either in the certificate requirement, which the state has agreed that there is no affirmation in the certificate where counsel stated that he had made any amendments to the petition filed that are necessary for an adequate presentation of petitioner's contentions. And I would argue that if you look through the record in this case, there is no demonstrative compliance with that portion of Rule 651C. And I say that for a couple of different reasons. First, before I get into those specific reasons, as you all well know, Rule 651C compliance is mandatory. It's substantial compliance, but yet it is mandatory. And the defendant doesn't have to show prejudice in order for his claim to be remanded back for 651C compliance. But in this case, post-conviction counsel seemed to have done the bare-bones minimum that he could have done in this case. And I would argue that that bare-bones minimum does not meet the requirements of Rule 651C. For instance, when counsel did file a, I believe he termed it third amended successive post-conviction petitioner or something of that nature, he set out some procedural history and then simply adopted the pro se petition definitive file. He didn't make any effort to amend the allegations in that. He didn't make any effort to address any of the concerns that might be raised by the circuit court when the circuit court was evaluating the merits of that petition. You're kind of generous, aren't you? And not also mentioning that the state did just about as little as... Well, that's true as well. The state was very non-committal as far as the constitution of whether the firearm, I take that's what you're saying. The state did not explain this to him as you've explained it to me this morning and their ineptitude was obvious from their effort. It was. And the court even gave them a two-month continuance in order to determine whether the firearm enhancements indeed were still active. And after, as I believe Mr. Peterson, who filed the briefs in this case originally, noted when defense counsel came back after that two-month continuance and they had the hearing that was scheduled, he seemed to have even forgotten that the court had asked counsel to research whether the firearm enhancements were still valid. And I would even go one step further. You use the term ineptitude and I would say that's exactly what happened here because defense counsel couldn't respond to the court's inquiry regarding the merits of the firearm enhancements, even though his pro se incarcerated defendant, the man he was representing, had attached two decisions that both held that the firearm enhancements were no longer lawful. It's as though counsel didn't even read the post-conviction petition that was filed by his client. And again, I think this evidences the lack of 651c compliance. There's absolutely nothing in the record indicating, nothing in the certificate, nothing in the record indicating the counsel fulfilled those obligations. And I agree with it's almost a system-wide failure in this case where the process just fell apart. And you could read the judge's disappointment, and disappointment I think is a very kind word, in that subsequent hearing where I believe the judge even said, I'm very disappointed that this question has been left open to the court to decide when I've asked the parties to research this. It seems very clear that counsel did nothing in this case to further his client's argument. And that's why the rule 651c argument I think needs to, the defendant needs to have a new attorney appointed who will actually represent him on his post-conviction proceedings, who will file an amended motion that addresses some of the concerns that seem obvious from looking at the defendant's petition. Some of the questions I think any reasonable attorney when looking at that petition, they would see some loopholes there that they could easily fill in. Counsel didn't do that here. And I think that the defendant is entitled to have his petition remanded where counsel can be appointed who will amend that petition and comply with the requirements of rule 651c. Then what will happen? It can go on for second stage proceedings. And if the court, you know, the defendant is entitled to have that. What will be the defendant's argument? What would the defendant's argument be? It would be that he relied on his attorney's representations when he decided to plead guilty and that he essentially was induced by his attorney's bad advice. Well, as I understood your argument at the time of the plea, the status of the constitutionality of the enhancements was not known. I don't know that I would agree with that. I thought that's what you said. No. At the time of the plea, there was some conflicting precedent. But I take your reference in my response to Justice Connett's question. Yes. But I think if you looked at, much like I did, if you look at the procedural posture of the different court decisions interpreting the 15, 20, 25 to life enhancement, you would see that there were obvious glaring questions that were there. The issue was pending before the Supreme Court. It was. It was pending in Hosschildt. But again, in Hosschildt. So why would it not have been reasonable for his attorney to recommend a plea that, in fact, did not involve the enhancements or invoke the enhancements? Can you run that past me one more time? Why wouldn't it be reasonable for his attorney to recommend a plea that did not invoke those enhancements? Right. Because I think out of the picture, I think it was under what he would have been eligible for for getting the enhancements. Yes and no. If there's some question in my mind, it's not. I'm sorry. It's not a yes or no. I can't give you a yes or no question to that. Because in this case, there were two shots fired. The defendant was going to trial on three different counts involving firearms. So there may have well been, at least with one of the counts, a one-act-one-crime problem. If the firearm enhancements are out of the question, the armed robbery counts would be your common class X range 6 to 30. And because the victim did suffer serious bodily injury, they would be consecutive. So if the defendant, which is a big if, because I don't know how the one-act-one-crime issue would come down, because it wasn't litigated. But if the defendant was convicted of both the armed robbery counts, he would face a minimum sentence of 12 years. So the 12 years is far less than what counsel represented being the 31 years to life as far as making that representation. Counsel, this was a second stage hearing? Yes. And the court inquired about a 651 certificate? The court commented at one point that it didn't see a 651 certificate. The attorney said, I will have a compliance certificate on file soon. And later he filed that certificate. Yes. When was that done? I do not remember the date or the timing of it. And your complaint is about his certificate? It isn't just about the certificate. Certainly. Well, what is your complaint about the certificate? Well, it amended the affirmation that he had made the amendments to the petition that were necessary to advance the petitioner's contention. And you think that's not just inadvertent oversight, that in fact he didn't comply with what 651 says, and that is to raise the issues that his client wanted raised? Yes. Well, and 651 wasn't complied with? Yes. What, it seems to me that the relief you're requesting, the only thing we need to do at this point is send this case back, say judge, get a good and timely 651 certificate, and then proceed to a new second stage proceeding and see where it goes. I would agree that that would be an acceptable remedy here. I would argue that... Is there any reason we need to address the merits at this point before that's been done? I'm trying to think if there would be any issue that, where the court heard below that would need to be remedied before it was remanded. I mean, after all, 651 was devised by the Supreme Court of Illinois to say, this is the process we want to go through at post-conviction hearing stage, stage two. Correct. And it wasn't done here, so why don't we just go back and do it? Correct. And I would agree with that. One issue that I may add is given the level of deficiency that occurred here... Get some new lawyer? I would say get a new lawyer. Well, that seems appropriate. Because it was as it seems the court has... This guy didn't seem to pick up on the hints. Not at all. Even the hints his own client was giving him. Who was this lawyer? It was Stephen Jones, who I'm not very familiar with. Okay. But if all that were done, then you're a happy guy? I would be a happy guy. Because you know, that's an important goal, these proceedings. I understand, you know, it would give the defendant an opportunity to have these claims of ineffectiveness examined, which I think is very important here, especially for a defendant who, again, the state does not contest, did receive advice that ended up not being accurate. And it was a fairly desperate sort of situation where his attorney is telling him you can get 31 years to life. And as the judge, there was a very poignant moment where the judge was in the midst of determining what to do with this case. And he seemed to kind of be thinking out loud. And the circuit court said, quite frankly, if my attorney told me if I went to trial, I was looking at life in prison, and that was arguably, that would definitely influence my decision whether or not to take the plea agreement. And I think he's exactly right with that. When you have a defendant, and again, if we remember who this defendant is, and I think I mentioned it before, he didn't even have a high school education. He was relying on his attorney to properly represent him during these proceedings. So you would like a new attorney? Yes. But you hope you draw the same judge? Yes. Very much so. And the same state's attorney too. Given the posture of the case, yes. Because I think this claim could potentially have quite a bit of merit if an attorney actually sat down and figured out how best to represent the defendant. If the court has no further questions. Thank you, counsel. Thank you. Good morning, your honors. Alison Page Brooks on behalf of the people. May I please the court and counsel. First of all, I would like to start with the alternative argument raised by the state, which is that this court can affirm on any basis supported by the record the fact that the trial court erroneously granted the defendant leave to file the successive post-conviction petition. In doing so, the trial court overlooked a very important fundamental issue at stake in successive post-conviction petitions, which is the interest in the finality of judgments. And the defendant's response is that the state forfeited that argument by not raising it below, but that in doing so, the defendant relies on forfeiture rules that apply to appealing parties, not to appellees. Also, this is not a type of question that might have been refuted below, because the decision on motion for leave to file is made essentially independently by the judge without input from the state on the basis of the pleadings. So there's not something that somehow, if the state had objected, the defendant could have said, oh, well, here's the cause of prejudice that was supposed to be in the motion for leave to file itself. Also, the defendant cites no authorities on point to show how that somehow the state is attempting to raise an improper freestanding claim of error that would be barred by Rule 604A. Cause is an objective factor external to the defense that impeded the defendant's efforts to raise this claim earlier. The defendant hasn't done that. The defendant claims ignorance. The defendant claims bad advice from his attorney. Again, things that are not external to the defense and the fact that the defendant, as a citizen, is charged with knowledge of the law. So he's not shown cause and the trial court should not have granted leave simply on the basis of the fact that the record confirmed the defendant's allegations that his attorney, the plea attorney, had advised him that he would receive a sentence of 31 years to life to be served at 85%. Just simply because that was correct, the trial court then passed on the petition towards consideration and granted leave to file. That was improper because the law requires that a cause of prejudice has to be met first. With respect to ineffective assistance of counsel claim, the defendant has two elements to meet. There are two standards at issue here, the deficiency prong and the prejudice prong. The deficiency prong is whether the counsel's range of competence demanded of attorneys in criminal cases. Even though there was inaccurate advice as to the sentencing consequences of going to trial, that does not necessarily mean that defense attorneys' advice is proved to be deficient. In fact, in the United States versus Sisolowsky, a Seventh Circuit Court of Appeals case, held that gross mischaracterization of deficiency. Here there's no allegation that the defendant's failure to spot the Harvey decision from the appellate court was resulting from a lack of good faith effort. And even if that were the case, then the next situation is the United States versus Gargano case, also Seventh Circuit Court of Appeals, in which even though there was an erroneous statement by the government that he only supported a 10-year maximum, and the defense attorney didn't step in and correct that, the defendant in Gargano still lacked a defense to the charge, an effective defense to the charge. And without the plea agreement, which he ended up with 14 years with, he was subject to a maximum cumulative terms of 102 years in federal prison. In that situation, they held that the advice for the defendant to enter a plea was still within the range of competence demanded of attorneys under those circumstances. And here those circumstances are analogous. Because the defendant confessed involvement to the robbery plot, he lacked an effective defense to the charges that were in counts 9, 10, and 11. 11 being the newly filed unenhanced armed robbery, I believe. Even if they went to trial on the enhanced armed robbery, the hostile decision then would have been sent back for resentencing under the 6 to 30 armed robbery unenhanced. Mr. Brooks, let me ask you about the preliminary matters not addressed to the merits. Okay, sure. Is Mr. Wilson correct that the 651 certificate that was filed late wasn't adequate under the rule? As far as it being filed late, I'm not sure that that matters. I'm not briefed on this issue. Okay, but was it adequate under the rule? I'm not sure if it stated the allegation of the amending for adequate presentation. I'm not sure about that. Well, it didn't contain that language from 651, did it? Okay, right. Even just assuming that it doesn't, if that's what the record shows, that's not necessary. I mean, it's not automatic reversal if that certificate doesn't say that, because the record could still show that the defense attorney complied with the rule. Well, but why should we have to do that here, especially when the court was musing about some of the uncertainties here? Why not, since this is a preliminary matter, say send this back for a new certificate with new counsel to see fit and not have to, at this point, have this court address the merits at all? I understand that idea, but first, before this court were to order that, I think it would be more appropriate to get a firmer sense of what the record shows with respect to the trial court's request for assistance from the attorneys. And in fact, I believe the defense is sort of like miscasting a little bit of the nature of what the trial court was looking for. The trial court stated, and this is at the record of Supplement Volume 6, page 9, asked if someone would tell the court today that in March 6, 2007, the date of the plea, that version, if you will, of armed robbery, as far as being subject to the enhancement, was constitutional, then the motion to dismiss would be allowed today. The trial court was not asking, was the statute ever held by a court to be unconstitutional, because that was in the defendant's petition. So the defense attorney, the prosecutor, and the trial court all knew that there wasn't a decision out there that had found it to be unconstitutional. I think what the trial court was getting at is asking, maybe mostly the prosecutor, was there a decision that said otherwise? Was it a decision that said, was it constitutional? And if that's the case, that would be a situation where the authority would be in conflict and would seriously damage the defense petition, because then it would have, as the trial court said, I would be dismissing the petition if you tell me that this was here. So he said someone, so I'm going to say it's directed at both the prosecutor and the defense attorney. Well, but here's the thing. Mr. Johnson isn't going anywhere. And even if strict compliance doesn't require this action on 651, it just seems to me that there's no reason we should say, let's have it done properly in this case. Make sure these matters are raised and let the court address it at the second stage and see where it goes from there. And it may be that all this will come to pass, as you indicate. And it may be that even if the court thought that there was a problem and the state appealed any relief that the court granted, we would disagree. But I just, it would be a lot more comfortable not short-circuiting this procedural step, but I'm not sure why we should. Well, I understand that the court may, in his wisdom, deem such an action to be appropriate. But if this court's considering to do that, as they said, the state is insisting that this court should at least understand the state of the record in terms of what the trial court was looking for, specifically from the parties, not just the defense attorney. And the defense attorney, just assume for the moment that the defense attorney knew about the second district cost child decision, which found the statute to be constitutional. In that case, essentially what the trial court is asking the defense attorney, was there an opinion that held it to be constitutional? In which case, I would dismiss your client's petition. And the, of course, the defense attorney with a duty to solicit advocate the interest of his client is going to stand there and smile and not answer the question. What did the state say in response to those questions? Well, the state didn't find the cost child or assume that they would. That's not to their credit, is it? Maybe if I'm a remand, all of these questions is, uh, Peraro would say everything will be answered. And, uh, then the court with a full record, uh, without wondering about what the status of the laws can act accordingly. You, you are, you're right regarding the specificity of what the court asked, but isn't the real issue. Nobody in the courtroom knew the answer to the question looming over it. Well, I think the real issue, your honor is 651 C complied with. This is a duty of the defense attorney, not the prosecutor to answer the trial court's question. The trial court, the prosecutor could have helped this case by citing this case. And then the defense and the trial court probably would have had an extra ground to dismiss the petition on stage, the prejudice from, but since we're asking here, the defense says here, the wheels fell off. Well, how did the wheels fall off? And he cites the fact that the defense attorney stood mute essentially when the trial court asked for help in dismissing his client's petition. So, I mean, that's not a deficiency of the defense of the post-conviction attorney who has to advocate his client's petition and essentially avoid answering the trial court's, uh, question and direct question, because it wasn't really directed at him per se was directed at someone. It wouldn't, he didn't hold the defense attorney's feet to the fire and say, tell me, you know about a, you know, a decision that, you know, would end up getting your client's petition dismissed. He just threw it out there. Defense attorney, I would, we argue, the state argues, uh, did the right thing essentially on behalf of this client by not saying anything. If he didn't do the right thing, if he knew about house child, but the inference might be that he didn't know about the hostile decision. It wasn't something that was necessary for an adequate presentation of the defendant's claims because it was actually going to damage the defendant's case to include that. So essentially what we're talking about here is did the defense attorney do everything to adequately present the defendant's claims and the state's position is yes, the defense attorney did because the only thing the defendant didn't, the post-conviction attorney did not do is cite the hostile case in response to the trial court's inquiry, the appellate court that is, um, that upheld the constitutionality of the statute, which would have ended up resulting in the petition being dismissed on that ground right then and there. Right. Seems to me once the court asked the question, we're talking about a duty incumbent on both sides. Sure, your honor. And I understand that, but that's not something necessary for the, for adequate presentation of the defendant's claims because it was going to damage the case, not help the case. But again, why don't we just send it back and let everyone sort it out? Get a new 651, new lawyer, maybe even the state would do 15 minutes worth of research and come up with an answer to the court's question. Well, I think the issue is does rule 651C require that remand for that purpose? Well, even if it doesn't require it, like grandma's chicken soup, it wouldn't hurt, would it? Well, essentially the defense in prison, his post-conviction petitions are concluded because they were dismissed and essentially that's satisfactory to the state at this point. Um, moving back to my other argument, which was, um, as to the merits, the, um, the split in authority wouldn't, uh, actually. One of the cases you cited is if the defense doesn't step in and correct. Except, I'm sorry. You made the reference to. Oh yes, that's Gargano. It is that substantially different than actively on the record giving advice that is kind of up in the air. I'm not sure that who said 31 years of life was a trial court prosecutor or a defense attorney or who, you know, whether the defense attorney just suddenly stood mute. The advice is take the plea. That's the advice. That's what they're really questioning. And under the circumstances like the Kistler case from Indiana and the other case, this is a situation where the defendant would be crazy not to take the plea because he had no plausible defense. Unlike the Hall case where he disputed the aggravated battery charge that he didn't know there was a child in the car. And it created a kidnapping charge. I'm sorry, Your Honor. In this case, the only, uh, the brief says their plausible defense is, well, they would contest the constitutionality of the firearm enhancement. It's not a plausible defense to what he pleaded guilty to, which is unenhanced robbery. So essentially this case is worlds different from Hall on that reason. And the fact is that he would, um, subject to mandatory consecutives because a serious bodily injury because the guy was shot with a firearm, the victim was, um, 30 plus 30 at 85%. Again, key feature here. The defendant is not just simply getting the, uh, the benefit of the bargain, the illusory benefit of the bargain of no firearm enhancement because we know, no, in hindsight, he wasn't going to get a firearm enhancement because it was unconstitutional. What did he really get by pleading? Well, the 25 year sentence is substantial, but he also got the negotiation that it would be served at 50%. Essentially because of great bodily harm, it would have been an 85% truth in sentencing situation. He also got dismissal of the aggravated battery firearm and unlawful possession of weapon mandatory consecutives because of the, um, the triggering offenses or class X serious bodily injury. So he was looking at a maximum of 70 in prison to be served. 60 of those served at 85%. That's 56 years. 24 year old defendant expected actual life expectancy of like 76 years. He's looking at a maximum of natural, of actual life in prison. He was told natural life in prison. And essentially, uh, when the trial court says this, and it's very apt for the defense to cite it, quite frankly, my attorney told me if I went to trial, I'd be looking at life in prison. And that was erroneous advice. Well, see, that's actually not the case because he was looking at effective life in prison under the charges. And there's also a situation where the prosecutors are, uh, said that if they, uh, if they knew that this would, um, firearm enhancement for armed robbery be invalid, they would have reinstated the, uh, the attempt murder firearm enhancement charge. Now the case of, there was not, the defendant would have had a better defense to the attempt to kill element of attempt murder. But that's, again, the 70 years in consecutives and 56 years in effective term at time doesn't even include the possibility that he could have gotten convicted as well if they reinstated the attempt murder charge. Um, so, uh, Padilla versus Kentucky recognizes the high bar of showing prejudice under these circumstances, especially for those who acknowledge guilt and that the decision to reject a plea bargain has to be rational. Here, if you confess guilty, looking at actual life in prison is the maximum. In a very serious crime where someone shot in the course of a serious robbery, uh, it's not rational to, to not take a plea bargain that's 25 years a day for day, um, when you're looking at actual life for a 24 year old defendant. Um, so, uh, that's why there's no prejudice. Under Bethel versus United States, the Seventh Circuit decision, it says it's irrelevant whether the defendant could have negotiated a better plea. So the defense attorney said, no, you know, prosecutor that, that firearm enhancement you're trying to negotiate away is invalid anyway. Well, that's not even really known at the time because we have to look at effective assistance of counsel at the time. And at the time there was the district split. So what would a correct advice look like? It would have looked like defendant, uh, he would say my client, uh, there's a split in authority and we don't know what this LNA Supreme Court is going to do because it took the search, uh, it took the petition for leave to appeal. And, and the state disputes that somehow, uh, the defense argument here that the defense counsel should have prognosticated that Hausschild, the second district opinion, was quote, likely to be overturned. That's something that I don't think a defense attorney wants to be telling his client, uh, especially because it's not very conservative advice. Uh, but it's also asking, uh, for a, uh, an allegation of ineffective assistance of counsel if he turns out to be wrong and he advised the client to, uh, reject the plea offer in that sort of situation. So, uh, it would not have been good advice for the defense attorney to, to say that Hausschild was likely to go in the defendant's favor. Um, so in that situation, I think the correct advice is still take the plea. And what the, the advice to take the plea was within the range, the wide range of confidence demanded of criminal attorneys. Um, so, uh, the issue at Hausschild, I think, was whether the, the identical elements tasks could be invoked to compare the offenses of armed robbery and armed robbery. I'm sorry. One is armed robbery and the second is armed violence predicated on robbery. But that was still an open question, whether those offenses could be compared for identical elements purposes at the time of the plea hearing. Um, so for that reason, um, the defense fails both prongs of the effective system to counsel on the merits, um, and should not have even gotten as far as this petition being filed because it failed to cause test at the cause of prejudice test as well. And the state also, um, believes that rule 51c was complied with. So for these reasons, um, I thank you, uh, your honors for listening, uh, to our arguments. We request this court to advise. Thank you, counsel. Rebuttal. Thank you, your honor. The state began, uh, its argument talking about the, uh, circuit court's decision to allow the successive petition for post-conviction relief. And that set forth in the briefs, that argument has been forfeited. It has not been raised. How did they forfeit it? At what point was the state supposed to get involved in the process of the trial court's determination to permit the second or successive post-conviction petition? Two different things. One, I'm not sure that I'm aware of any precedent that would have, uh, prohibited the state from filing an objection to the defendant's motion for relief to file a successive post-conviction petition. And they didn't do that. Once that the petition was... Are you aware of any requirement? No, I'm not. But if they are, if they have an opportunity to do it and they don't do it, I think that, uh, needs to be weighed into the analysis of whether they forfeited the issue or not. But then when the motion was granted, the state could have come in under the state's theory here and said, oh, court, you improperly granted this motion for leave to file the successive post-conviction petition. They didn't do that. They, uh, performed their analysis of the petition itself and didn't challenge the court's decision to allow that successive petition to be filed. So at, in, in that respect, it has been... What about, uh, the position that Ms. Brooks pointed out that the state is the appellee on this forfeiture applied to the appellee? Sure. In, in cases, uh, I believe the state cites the Calhoun case. And in, uh, Mr. Peterson's briefs, he pointed out that in that case, the state was, uh, asserting a ground that it hadn't asserted before in support of affirming the circuit court. Here, they're raising a, a argument for the first time on appeal where they're arguing that the circuit court did something wrong. And that's not something they're allowed to do. That argument's been forfeited. Well, if, if the state is asserting alternative grounds on appeal to affirm the trial court's ruling, not the... We review judgments, not reasons. Sure. If the state's argument is, here's an alternative reason, appellate court, why you should affirm the judgment of the trial court, what's the matter with that? Well, if 650, or if 604A would allow it, that'd be a whole other issue as well. Would allow what? The, uh, state to appeal a judgment such as that. The, the, the state... Well, the state isn't appealing. The state is arguing alternative grounds to affirm. Well, if you look... Why can't they do that? If you look at the practical effect of it, waiting two and a half years to raise this for the first time on appeal... That doesn't answer my question. When you're the appellee, why can't the state argue an alternative ground to affirm on appeal? Well, it's not, it's, they're not... I, I think there's a distinction to be made between the state making an argument that's an alternative grounds to affirm, and the state making an argument that, hey, we wanted to have another bite at the apple, because we didn't raise this before, arguing that the circuit court was wrong for granting the motion for Lee to file the successive PC. That, their opportunity to do that has passed at this point. That would always be the case in instances where we affirm based upon what the record shows. As opposed to what the parties did or did not argue. Well... And yet, we do that. In this case, I would argue that, you know, the, the theory of law, the forfeiture applies to the state, just as it does the defendant, would, would apply here. And again, the state... Because... Well, the state has waited two and a half years to, to raise this. They didn't raise it in the circuit court, where the defendant... But that's, that's, you, you keep on missing the point. That's something you can't do if you're arguing to reverse. They're arguing to affirm the judge... The judgment of the trial court is the defendant's petition was dismissed. Is that right? You're the appellant before us asking to reverse that judgment. And I understand that. And Ms. Brooks is saying, no, you shouldn't reverse it. And by the way, here's an alternative grounds upon which to affirm. And I guess that's where I disagree. I don't look at it as an alternative grounds to affirm. I look at it as a grounds to attack a judgment that it decided not to attack. Isn't she seeking to affirm the judgment? Isn't that what she says? That might be what the practical effect is, but procedurally, I don't believe that they're allowed to do it at this point, because it's not allowed by 604A and... Well, the, the rule generally is, just as Connect just said, does the record contain a basis for an alternative grounds to affirm? And I guess, arguably, the question, I don't recall this ever coming up before, is a second or subsequent petition. If we said no, there's, you know, that the petition was before the trial court, and I guess it would be even reviewed de novo, since it's just paper. If we thought that the trial court erred in the first place in considering this, why wouldn't that end it, then, to say, yes, trial judge, you're right to have dismissed this petition, but on a different grounds, and we don't care about grounds, because we review judgments. I see that my time has expired. May I respond to your question? One additional point as to that issue, though, is, if the state is allowed to do it now, they haven't given the defendant an opportunity to respond to that. Had it been raised in the circuit court, had the state come in and said, Your Honor, you've granted Leev to file the successive petition, but we believe Leev should not have been granted, the defendant could have argued, Oh, no, Leev was appropriately granted because of X, Y, and Z. By raising it for the first time on appeal, they've denied the circuit court the right for making that judgment. That's why God invented reply briefs. And there's, instead of, in your reply brief, addressing the merits of this claim, Mr. Peterson talks about how it's forfeited and improper. Well, and I believe that he addresses it like that, because, again, we strongly believe that it has been forfeited, and it's not allowed under 604A. Thank you. Okay, thank you. Take this matter under advisement with readiness of the next case.